# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

| | |
|---|---|
| JASON LOREL MINTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:16-05732 |
| ) | (Criminal No. 3:03-00253) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's "Motion to Vacate Judgment Under 28 U.S.C. § 2255" (Document No. 172), filed on June 24, 2016. By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 176.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A      Criminal Action No. 3:03-00253:**

Following a jury trial conducted on January 27, 2004 to January 28, 2004, Movant was convicted of one count of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) (Count One), one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two), and one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Count Three). (Criminal Action No. 3:03-00253, Document No. 52.) A Presentence Investigation Report was prepared. The District Court determined that Movant had a Combined Adjusted Offense Level of 34, and a Total Offense Level of 37, the Court having applied an three-level enhancement pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career

offender status. The District Court sentenced Movant on July 27, 2004, to serve a total term of 360 months of incarceration to be followed by a five-year term of supervised release.[1] (Id., Document No. 93.) The District Court further imposed a $300 special assessment and a $5,000 fine. (Id.)

On August 4, 2004, Movant filed a Notice of Appeal. (Id., Document No. 94.) In his appeal, Movant argued as follows: (1) The District Court erred by denying his Batson challenge; (2) The District Court abused its discretion by admitting a firearms expert's testimony relating to fingerprinting of guns; (3) The District Court erroneously sentenced Movant under mandatory Guidelines; and (4) Additional errors amounted to reversible error when considered cumulatively. (Id., Document No. 113.) On June 20, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction, vacated his sentence in light of United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), and remanded for resentencing. (Id.) On November 28, 2005, the District Court resentenced Movant to the same sentence as previously imposed. (Id., Document Nos. 123 and 124.)

**B.     First Section 2255 Motion:**

On December 4, 2006, Movant, acting *pro se*, filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. (Id., Document No. 133.) Movant asserted the following grounds for *habeas* relief: (1) "Fifth Amendment right to due process and Sixth Amendment right to a fair trial were violated during voir dire when jury lied to Court about past employment;" (2) "Fifth Amendment violation of due process of law and

---

[1] The District Court determined that Movant was subject to the advisory guideline range of 360 months to life. (Criminal Action No. 3:03-00253, Document No. 91.) The District Court sentenced Movant at the bottom of the Guideline Range. (*Id.*)

Sixth Amendment violation of right to jury determination of punishable offense elements;" (3) "Fifth Amendment violation of due process and Sixth Amendment violation of right to trial;" and (4) "Violation of Sixth Amendment right to counsel." (Id.) The United States filed its Response in Opposition on January 17, 2007. (Id., Document No. 144.) By Proposed Findings and Recommendation entered on August 25, 2010, United States Magistrate Judge Mary E. Stanley recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 158.) By Memorandum Opinion and Order entered on September 30, 2010, United States District Judge Robert C. Chambers adopted Judge Stanley's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 163 and 164.)

**C.   Section 3582 Motion:**

On March 6, 2008, Movant, acting *pro se*, filed a Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that he was entitled to a sentence reduction based upon the reduction in Sentencing Guidelines. (Id., Document No. 154.) By Order filed on May 7, 2010, the District Court denied Movant's Section 3582(c)(2) Motion. (Id., Document No. 155.)

**D.   Instant Section 2255 Motion:**

On June 24, 2016, Movant, by court-appointed counsel, W. Michael Frazier, filed his "Motion to Vacate Judgment Under 28 U.S.C. § 2255." (Civil Action No. 3:16-5732, Document No. 172.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant contends that in light of Johnson, he is no longer a career offender because his Illinois convictions for aggravated battery of a police officer and

3

aggravated robbery no longer qualify as "crimes of violence" for purposes of the career offender guideline. (Id.) Additionally, counsel states that he was unable to fully brief the issues presented in the Section 2255 Motion due to time constraints and "counsel asks for leave to supplement this Motion at a later time." (Id., p. 3.)

On the same day, Movant filed a "Motion to Defer Ruling." (Id., Document No. 173.) In his Motion, Movant requested that his recently filed Section 2255 Motion be held in abeyance pending a ruling from the Fourth Circuit Court of Appeals on his request for authorization to file a second or successive Section 2255 motion. (Id.) By "Notice of Authorization" and Order filed on June 27, 2016, the Fourth Circuit granted Movant's request to file a successive Section 2255. (Id., Document Nos. 174 and 175.) By Order entered on June 28, 2016, the undersigned denied as moot Movant's "Motion to Defer Ruling." (Id., Document No. 177.) By Order also entered on June 28, 2016, the undersigned directed Movant to file any supplemental brief in support of his Section 2255 Motion by July 29, 2016, and directed the United States to file its Answer by August 29, 2016. (Id., Document No. 178.)

On July 21, 2016, the United States filed its Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling. (Id., Document No. 180.) Specifically, the United States requests that the District Court (1) withdraw the referral of the case to the Magistrate Judge, and (2) stay the case pending resolution of Beckles v. United States, ___ U.S. ___, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). (Id.) Movant, by counsel, filed his Response in Opposition to United States' Motion to Withdraw Referral and Stay Case on July 21, 2016. (Id., Document No. 181.) The United States filed its Reply on August 1, 2016. (Id., Document No. 184.) By Order entered on September 22, 2016, United States District Judge Robert C. Chambers denied the United States' Motion to Withdraw Referral to Magistrate Judge and to Stay Case

Pending Supreme Court Ruling. (Id., Document No. 187.)

On July 28, 2016, Movant, by counsel, filed his "Supplemental Brief In Support of His Motion to Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 183.) Movant argues that under Johnson, Movant is no longer a career offender because his Illinois convictions for aggravated battery of a police officer and aggravated robbery no longer qualify as crimes of violence under any portion of the career offender definition. (Id.) In support, Movant explains that in Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that the identical residual clause in the career offender provision, U.S.S.G. § 4B1.2(a)(2), is also void for vagueness. (Id.) Movant asserts that he is entitled to relief under Section 2255 because Johnson announced a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." (Id.) Thus, Movant concludes that his prior convictions do not trigger the application of the Section 4B1.1 career offender enhancement. (Id.) Movant argues that his prior Illinois convictions for aggravated battery of a police officer and aggravated robbery do not qualify as crimes of violence under the enumerated offenses or the force clause of the career offender provision. (Id.) Movant, therefore, contends that in light of Johnson, Movant no longer qualifies as a career offender and his current sentence should be vacated. (Id.)

On November 7, 2016, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 190.) First, the United States claims that Movant's claims are untimely. (Id., pp. 5 – 11.) Second, the United States contends that Movant procedurally defaulted his claims and has not demonstrated good cause to excuse his default. (Id., p. 11 – 12.) Third, the United States argues that Johnson does not apply on collateral review to Guideline

issues. (Id., pp. 12 – 17.) Finally, the United States claims that Movant's prior Illinois convictions for aggravated robbery and aggravated battery of a police officer qualify as "crimes of violence." (Id., pp. 18 – 25.)

Movant, by counsel, filed his Reply on November 16, 2016. (Id., Document No. 191.) First, Movant argues that his Section 2255 Motion is timely filed. (Id., pp. 1 – 2.) Second, Movant contends that his Section 2255 Motion is not barred by procedural default because he could not "accurately predict the state of the law a decade after he was sentenced." (Id., p. 2.) Third, Movant argues that the Fourth Circuit's decision in Hubbard held that Johnson could be substantively applied to any Section 2255 challenge of a previous career offender designation under the Sentencing Guidelines. (Id., pp. 2 – 3.) Finally, Movant claims that his prior convictions are not "crimes of violence." (Id., pp. 3 – 5.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v.

Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act

["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to career offenders sentenced under the "residual clause" of the Guidelines. Movant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because his prior convictions for aggravated robbery and aggravated battery of a police officer qualified as "crimes of violence" under the "residual clause" of Section 4B1.2(a). Movant correctly notes that the "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a

term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant argues that Johnson applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

Although the United States has filed a Response asserting numerous reasons Movant's Section 2255 Motion should be dismissed, the undersigned finds it unnecessary to consider such arguments. The issue concerning whether Johnson applies to the Guidelines has now been specifically addressed by the United States Supreme Court. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." Id. The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are

not subject to a vagueness challenge. Id. Accordingly, Movant's argument that the holding of Johnson extends to his sentence as a career offender under the "residual clause" of the Guidelines is without merit. Beckles clearly forecloses Movant's argument that he was improperly determined to be a career offender because his prior convictions no longer qualify as "crimes of violence" in light of Johnson. Furthermore, Movant fails to present any other basis for finding that his predicate offenses do not satisfy the criteria for career offender status that could be considered timely and appropriately asserted in the above proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's "Motion to Vacate Judgment Under 28 U.S.C. § 2255" (Document No. 172) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: February 6, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge